**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | **CRIMINAL ACTION** |
| ) | **No. 12-20066-30-KHV** |
| **v.** ) | |
| ) | **CIVIL ACTION** |
| **MARVIN LEE ELLIS,** ) | **No. 23-2412-KHV** |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On January 2, 2014, a jury found defendant guilty of conspiracy to manufacture, distribute and possess with intent to distribute 280 grams or more of cocaine base, several drug-related crimes, possessing a firearm in furtherance of a drug trafficking crime and being a felon in possession of a firearm.   On July 26, 2022, after remand from the Tenth Circuit Court of Appeals, the Court sentenced defendant to 303 months in prison.   This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #2356) filed September 15, 2023 and the <u>Government's Motion To Dismiss Defendant's 28 U.S.C. § 2255 Motion As Untimely, And Motion To Stay Briefing On The Merits</u> (Doc. #2362) filed October 13, 2023.   On October 20, 2023, the Court sustained the government's motion to the extent that it sought a stay of briefing on the merits of defendant's Section 2255 motion.   For reasons stated below, the Court sustains the government's motion to dismiss, overrules defendant's Section 2255 motion as untimely and denies a certificate of appealability.

## Analysis

The standard of review of Section 2255 petitions is quite stringent.   The Court presumes

that the proceedings which led to defendant's conviction were correct.   See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).

Defendant asserts that the Court should vacate his conviction and sentence because (1) his counsel at trial and at the original sentencing provided ineffective assistance, (2) his counsel at resentencing and on appeal provided ineffective assistance and (3) the Court erred in not appointing trial counsel who would pursue a defense based on mental health issues and at the original sentencing, requiring defendant to represent himself rather than appoint substitute counsel.

The government asserts that defendant's motion is untimely.   See Government's Motion To Dismiss Defendant's 28 U.S.C. § 2255 Motion As Untimely, And Motion To Stay Briefing On The Merits (Doc. #2362) at 4–9.   Section 2255 provides a one-year period of limitation.   The limitation period runs from the latest of —

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When defendant files an appeal, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's ruling.   Clay v. United States, 537 U.S. 522, 524–25 (2003).   Here, the Tenth Circuit issued its mandate on February 17, 2022.   See Judgment (Doc. #2347).   The deadline to file a petition for certiorari expired on or

about April 26, 2022, i.e. 90 days after the entry of the appellate court's judgment or 69 days after the appellate court issued its mandate.   See Clay, 537 U.S. at 525.   Therefore, under the general provision of Section 2255(f)(1), defendant had until April 26, 2023 to file his Section 2255 motion.[1]

Equitable tolling of the one-year deadline in Section 2255(f)(1) is available when an inmate diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused his failure to timely file.   See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling warranted only in "rare and exceptional circumstances").   Examples of circumstances that warrant equitable tolling include "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period."   Gibson, 232 F.3d at 808 (citations omitted).   "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence."   Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quotation marks and citation omitted).

Defendant asserts that (1) counsel sent the Tenth Circuit decision of January 26, 2022 to an incorrect address, so he did not learn of it until March 23, 2022 and (2) counsel did not advise him that he had a right to file a petition for a writ of certiorari and instead encouraged him to pursue a motion for compassionate release.   Absent "egregious misconduct," attorney errors generally

---

[1]       Defendant has not filed a response to the government's motion to dismiss.   In addition, defendant's Section 2255 motion does not allege statutory grounds for tolling the one-year limitations period.   See 28 U.S.C. § 2255(f)(2)–(4).   The Court therefore concludes that the general deadline set forth in Section 2255(f)(1) applies.

are insufficient to warrant equitable tolling.   Fleming v. Evans, 481 F.3d 1249, 1256 (10th Cir. 2007); see United States v. Aros, 216 F. App'x 754, 756 (10th Cir. 2007).   In any event, defendant has not explained how either of the alleged attorney errors prevented him from timely filing a Section 2255 motion.   Under the doctrine of equitable tolling, the Court tolls the limitations period for exceptional circumstances only until the impediment to timely filing is removed.   United States v. Vann, No. 21-7057, 2022 WL 7366286, at *2 (10th Cir. Oct. 13, 2022), cert. denied, 143 S. Ct. 837 (2023).   When defendant learned of the Tenth Circuit decision on March 23, 2022, he still had some 13 months to timely pursue his claims under Section 2255.   He has not shown that during this period, he took steps to diligently pursue his claims.   Instead, he waited to file his Section 2255 motion until September 15, 2023, nearly five months after the statutory deadline.   In sum, defendant has not satisfied his burden to show that extraordinary circumstances beyond his control caused his failure to timely file a Section 2255 motion.   The Court therefore overrules his Section 2255 motion as untimely.[2]

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.   A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2).[3]   To satisfy this standard, the movant

---

[2]     Because a limitations defense is not jurisdictional, the Court overrules rather than dismisses defendant's motion.   See United States v. Miller, 868 F.3d 1182, 1185 (10th Cir. 2017) (time bar under § 2255 on par with other threshold barriers including exhaustion of remedies, procedural default and nonretroactivity).

[3]     The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.   See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)).   For reasons stated above, the Court finds that defendant has not satisfied this standard.   The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #2356) filed September 15, 2023 is **OVERRULED as untimely**.

**IT IS FURTHER ORDERED** that Government's Motion To Dismiss Defendant's 28 U.S.C. § 2255 Motion As Untimely, And Motion To Stay Briefing On The Merits (Doc. #2362) filed October 13, 2023 is **SUSTAINED**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 10th day of January, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge