IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 12-20066-30-KHV |
| **MARVIN LEE ELLIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On January 2, 2014, a jury found defendant guilty of conspiracy to manufacture, distribute and possess with intent to distribute 280 grams or more of cocaine base, several drug-related crimes, possessing a firearm in furtherance of a drug trafficking crime and being a felon in possession of a firearm. On July 26, 2022, after remand from the Tenth Circuit Court of Appeals, the Court sentenced defendant to 303 months in prison. This matter is before the Court on defendant's Motion For Resentencing Correction (Doc. #2363) filed November 13, 2023. For reasons stated below, the Court dismisses in part and overrules in part defendant's motion.

Initially, defendant asks the Court to appoint counsel to assist him with his motion. On November 28, 2023, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant. Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of his post-conviction motion. See Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction). In determining whether to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of

the claims involved.  See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).  Applying these factors, the Court declines to appoint counsel.  As explained below, defendant's claims lack merit. In addition, defendant's claims are not particularly complex factually or legally.  Finally, defendant appears able to adequately present his claims.  For these reasons, the Court overrules defendant's request for counsel.

In defendant's motion, he argues that (1) the Bureau of Prisons ("BOP") has not correctly calculated his expected release date and (2) he is entitled to a reduced sentence because his enhancement under Section 851 no longer applies.  For reasons stated below, the Court lacks jurisdiction to address defendant's first argument and overrules defendant's second argument.

**I.    BOP Calculation Of Release Date**

Defendant argues that his current sentence does not reflect all of his good-time credit.  The BOP—not a district court—is authorized to calculate a prisoner's good-time credit.  See 18 U.S.C. § 3624(b)(1) (delegating to BOP authority to calculate credit up to 54 days for each year of satisfactory behavior).  A challenge to the BOP calculation of good-time credit goes to the execution of a sentence and should be brought, if at all, against defendant's custodian under 28 U.S.C. § 2241.  See United States v. Furman, 112 F.3d 435, 438 (10th Cir. 1997).  Before seeking judicial review of credits under 28 U.S.C. § 2241, prisoners must exhaust administrative remedies.  See Buchanan v. U.S. Bureau of Prisons, 133 F. App'x 465, 467 (10th Cir. 2005) (review of credit for time served in state custody).  Because the Court lacks authority to review the BOP calculation of defendant's release date, the Court dismisses this portion of defendant's motion.[1]

---

[1]    Even if the Court could consider the BOP calculation of good-time credit, defendant
(continued . . .)

**II.     Section 851 Enhancement**

Defendant argues that based on a recent change in law which applies to his Section 851 enhancement, the Court should reduce his sentence. Based on defendant's prior felony convictions for possession and sale of cocaine, the Court applied the enhanced statutory maximum set forth in Section 841(b)(1)(C), i.e. 30 years instead of 20 years. See 21 U.S.C. § 841(b)(1)(C); Revised Presentence Investigation Report (Doc. #2106) filed June 25, 2018, ¶¶ 130, 148. Defendant apparently claims that he should receive a reduced sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5220–21, because his prior offenses no longer qualify as a "serious drug felony." The First Step Act replaced the phrase "felony drug offense" with "serious drug felony" in subsections (A) and (B) of Sections 841(b)(1), but did not impact subsection (C). Section 841(b)(1)(C) still includes an enhancement for a prior "felony drug offense" as it did when defendant was convicted. 21 U.S.C. § 841(b)(1)(C); see United States v. Brown, No. 21-1663, 2023 WL 1861318, at *9 (6th Cir. Feb. 9, 2023), cert. denied, 143 S. Ct. 2622 (2023). The Court therefore overrules defendant's motion to the extent that he seeks relief under the First Step Act.

**IT IS THEREFORE ORDERED** that defendant's Motion For Resentencing Correction

---

[1](. . . continued)
has not shown that the BOP incorrectly estimated his release date. Defendant is serving a total term of 327 months in prison (303 months consecutive to the supervised release revocation sentence of 24 months in D. Kan. No. 06-20180-01). Defendant argues that his expected release date should be within three years (or by 2027). With good-time credit, BOP currently calculates that defendant has a projected release date of September 11, 2035 or roughly 280 months after his arrest in this case. Under the BOP's calculation, defendant would serve roughly 85.6 per cent of his original combined sentence of 327 months, which is or close to the maximum reduction of his sentence for good time credit. See 18 U.S.C. § 3624(b)(1) (maximum credit of 54 days per year). On the other hand, defendant does not explain the basis of his calculation, which would result in more than eight years of additional good-time credit.

(Doc. #2363) filed November 13, 2023 is **DISMISSED to the extent that it seeks to challenge the BOP calculation of his expected release date and OVERRULED to the extent that it seeks relief under the First Step Act of 2018**.

Dated this 11th day of January, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
