**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|                                                          ) | |
|                    Plaintiff,            ) | |
|                                                          )            **CRIMINAL ACTION** | |
| v.                                                    ) | |
|                                                          )            **No. 12-20066-30-KHV** | |
| MARVIN LEE ELLIS,                    ) | |
|                                                          ) | |
|                    Defendant.          ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On July 11, 2019, after remand from the Tenth Circuit Court of Appeals, the Court sentenced defendant to 303 months in prison.   On January 11, 2024, the Court dismissed defendant's Motion For Resentencing Correction (Doc. #2363) filed October 17, 2023 to the extent that it challenged the Bureau of Prisons ("BOP") calculation of his expected release date and overruled defendant's motion to the extent that it sought relief under the First Step Act of 2018. See Memorandum And Order (Doc. #2371).   The Court did not address defendant's motion to the extent it could be liberally construed as a second or successive motion to vacate sentence under 28 U.S.C. § 2255.   For reasons stated below, the Court dismisses defendant's motion to the extent that he seeks relief under 28 U.S.C. § 2255 and denies a certificate of appealability.

Defendant argues that based on a recent change in law which applies to his Section 851 enhancement, the Court should reduce his sentence.   Earlier, the Court overruled defendant's request to the extent that he seeks relief under the First Step Act.   See Memorandum And Order (Doc. #2371).   Because the Court sentenced defendant on July 11, 2019, after the effective date of the First Step Act, his motion could also be construed as a challenge to the validity of his

sentence under 28 U.S.C. § 2255.[1]

## I.      Relief Under 28 U.S.C. § 2255

Defendant previously filed a Section 2255 motion, which the Court recently overruled.

See Memorandum And Order (Doc. #2370).   Pursuant to the Antiterrorism and Effective Death

Penalty Act of 1996, defendant may not file a second or successive motion under Section 2255

unless he first applies to the appropriate court of appeals for an order authorizing the district court

to consider the motion.   See 28 U.S.C. §§ 2244(b)(3), 2255(h).   If defendant files a second or

successive motion without first seeking the required authorization, the district court may

(1) transfer the motion to the appellate court if it determines that it is in the interest of justice

pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction.   See In re Cline,

531 F.3d 1249, 1252 (10th Cir. 2008).   The Court has discretion whether to transfer or dismiss

without prejudice.   Trujillo v. Williams, 465 F.3d 1210, 1222–23 (10th Cir. 2006).   In making

this decision, the Court considers whether the claims would be time-barred if filed anew in the

proper forum, are likely to have merit and were filed in good faith or, on the other hand, if it was

clear at the time of filing that the Court lacked jurisdiction.   Id. at 1223 n.16.

---

[1]      The Court declines to construe defendant's challenge as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).   Section 2255 is the exclusive remedy to test the validity of "a judgment and sentence."   Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965).   Under Section 3582(c)(1)(A)(i), however, the Court lacks jurisdiction to consider "§ 2255-like claims" such as errors in a defendant's conviction or sentence.   United States v. Wesley, 60 F.4th 1277, 1288 (10th Cir.), reh'g en banc denied, 78 F.4th 1221 (2023), cert. pet. filed, (U.S. Dec. 28, 2023). When a federal prisoner asserts a claim that, if true, would mean "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," the claim is governed by Section 2255.   Id. (citation omitted).   If a defendant attempts to raise "§ 2255-like claims" in a compassionate release motion, the Court must treat such a motion as a Section 2255 motion.   Id.

A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.   28 U.S.C. § 2255(h).

Because defendant did not receive authorization from the Tenth Circuit and it appears that his claim does not satisfy the authorization standards under Section 2255, the Court dismisses the motion rather than transferring it to the Tenth Circuit.   See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which on face does not satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).

Here, defendant does not assert new evidence or argue that the Supreme Court has made retroactive a new rule of constitutional law.   Rather, defendant raises a claim that he could have asserted at resentencing, on direct appeal or in his initial Section 2255 motion.[2]   In addition, his claim lacks merit because even under current law, Section 841(b)(1)(C) includes an enhancement if defendant has a prior "felony drug offense" as it did when the Court resentenced him.   21 U.S.C. § 841(b)(1)(C).   Accordingly, the Court declines to transfer the present motion to the court of appeals.

---

[2]   The Court declines to construe defendant's challenge to the Section 851 enhancement as a motion for leave to amend his Section 2255 motion filed September 15, 2023. An amendment to his earlier Section 2255 motion would have been futile because the Court overruled the motion as untimely.   See Memorandum And Order (Doc. #2370).

## II.      Certificate Of Appealability

The Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.   Rule 11 of Rules Governing Section 2255 Proceedings.   A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. [3]   28 U.S.C. § 2253(c)(2).   To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)).   For reasons stated above, defendant has not satisfied this standard.   The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion For Resentencing Correction (Doc. #2363) filed November 13, 2023 is **DISMISSED to the extent that it seeks relief under 28 U.S.C. § 2255.**

**IT IS FURTHER ORDERED that the Court denies a certificate of appealability as to its ruling on defendant's Section 2255 motion**.

Dated this 16th day of January, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3]      The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.   See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).