IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20066-30-KHV |
| MARVIN LEE ELLIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On July 11, 2019, the Court sentenced defendant to 303 months in prison and 13 years of supervised release. On January 26, 2022, the Tenth Circuit affirmed. This matter is before the Court on defendant's Amendment 821, 18 U.S.C. § 3582(c)(2), Motion To Reduce [Sentence] (Doc. #2403) filed February 24, 2025, which seeks a reduced sentence under Section 3582(c)(2). For reasons stated below, the Court dismisses defendant's motion.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). Here, defendant seeks a reduced sentence under retroactive Amendment 821.

Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range

that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors in Section 3553(a). United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017). Under Tenth Circuit precedent, the first hurdle is jurisdictional. Id. at 1289; see United States v. Mata-Soto, No. 22-3012, 2022 WL 2128429, at *1 (10th Cir. June 14, 2022).

    Defendant argues that he is entitled to relief under Section 3582(c)(2) because Amendment 821 to the United States Sentencing Guidelines reduced the criminal history points for defendants who commit offenses while on supervised release. The Sentencing Commission voted to apply the amendment retroactively to offenders who are currently incarcerated. U.S.S.G. § 1B1.10(d). The Court originally added two criminal history points because defendant committed the instant offense while he was serving a term of supervised release. See Revised Presentence Investigation Report (Doc. #2106) filed June 25, 2018, ¶¶ 152–53; U.S.S.G. § 4A1.1(d) (Nov. 1, 2016 ed.). Amendment 821 reduces defendant's criminal history points from 17 to 16. See U.S.S.G. § 4A1.1(e) (Nov. 1, 2024 ed.) (adding one criminal history point for offenses committed while on supervised release and only if defendant otherwise has at least seven criminal history points). Even so, because defendant has 13 or more criminal history points under the amended Guidelines, his criminal history category VI and the corresponding guideline range remain the same. See U.S.S.G., Chp. 5, Part A, Sentencing Table. Accordingly, the Court

dismisses defendant's motion to reduce sentence.[1]

**IT IS THEREFORE ORDERED** that defendant's <u>Amendment 821, 18 U.S.C. § 3582(c)(2), Motion To Reduce [Sentence]</u> (Doc. #2403) filed February 24, 2025 is **DISMISSED**.

Dated this 12th day of May, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Defendant's motion contains extraneous language from prior Tenth Circuit opinions on his appeals which challenged (1) this Court's findings on the scope of his jointly undertaken activity and (2) his revocation sentence of 24 months in Case No. 06-20180-01. <u>See Amendment 821, 18 U.S.C. § 3582(c)(2), Motion To Reduce [Sentence]</u> (Doc. #2403) at 2 (outlining challenge to district finding on jointly undertaken activity) (quoting verbatim Tenth Circuit opinion in <u>United States v. Ellis</u>, 23 F.4th 1228, 1231 (10th Cir. 2022)); <u>id.</u> at 2–3 (outlining circumstances related to decision to proceed pro se) (quoting verbatim Tenth Circuit opinion in <u>United States v. Ellis</u>, 868 F.3d 1155, 1181 (10th Cir. 2017)). The Tenth Circuit rejected both arguments. 23 F.4th at 1243–52; 868 F.3d at 1181. Under the mandate rule, the Court cannot vary the mandate of the appellate court or examine it for any purpose other than execution. <u>See United States v. West</u>, 646 F.3d 745, 747–48 (10th Cir. 2011) (district court must "strictly comply" with mandate). Defendant has not cited any potential exception to the mandate rule which would permit the Court to reexamine the Tenth Circuit rulings. <u>See United States v. Dutch</u>, 978 F.3d 1341, 1345–46 (10th Cir. 2020) (exceptional circumstances exception to mandate rule include dramatic change in controlling authority, significant new evidence that was not obtainable earlier through due diligence or blatant error from prior sentencing decision that would result in serious injustice if left uncorrected). For this reason and because both arguments appear unrelated to defendant's request to reduce his sentence under Amendment 821 and Section 3582(c)(2)—which he references in the title of his motion—the Court declines to construe defendant's motion as a request for relief beyond Section 3582(c)(2).