**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 12-20066-30-KHV |
| MARVIN LEE ELLIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>**MEMORANDUM AND ORDER**</u>

On July 11, 2019, the Court sentenced defendant to 303 months in prison and 13 years of supervised release.   On January 26, 2022, the Tenth Circuit affirmed.   This matter is before the Court on defendant's <u>Motion To Amend Presentence Investigation Report</u> (Doc. #2406) and his <u>Motion For Reduction Of Sentence, 18 U.S.C. § 3582(c)(1)(A)(i) "Motion To Reduce Under 1B1.13(b)(6) Unusually Long Sentence"</u> (Doc. #2407), both filed June 2, 2025.   For reasons stated below, the Court dismisses defendant's motion to amend and overrules his motion to reduce sentence.

I.     **Motion To Amend Presentence Investigation Report**

On May 12, 2025, the Court dismissed defendant's motion, which sought relief under Amendment 821 to the United States Sentencing Guidelines.   <u>Memorandum And Order</u> (Doc. #2405).   In doing so, the Court acknowledged that Amendment 821 reduces defendant's criminal history points from 17 to 16.   <u>See</u> <u>id.</u> at 2; U.S.S.G. § 4A1.1(e) (Nov. 1, 2024 ed.) (adding one criminal history point for offenses committed while on supervised release and only if defendant otherwise has at least seven criminal history points).   Because defendant has 13 or more criminal history points under the amended Guidelines, however, his criminal history category VI and the

corresponding guideline range remain the same.    See U.S.S.G., Chp. 5, Part A, Sentencing Table.

Defendant acknowledges that he is not eligible for resentencing under Amendment 821. He nonetheless asks the Court to amend the presentence investigation report because his criminal history point total impacts his custody classification and eligibility for certain earned time credits.

After sentencing, the Court's jurisdiction to correct the presentence investigation report is restricted to challenges based on specific statutes or rules which confer such jurisdiction.    See United States v. Warner, 23 F.3d 287, 290 (10th Cir. 1994); see id. (Rule 32, Fed. R. Crim. P., does not confer jurisdiction for court to correct errors contained in presentence investigation report more than 14 days after sentencing).    Because defendant has not shown that the Court has jurisdiction to correct the presentence investigation report, the Court dismisses his motion to amend.[1]

## II.    Motion For Compassionate Release

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.    See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).    Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."    18 U.S.C. § 3582(c). Under the First Step Act of 2018, the Court may order compassionate release for "extraordinary

---

[1]    Nothing prevents the Bureau of Prisons from taking notice that retroactive sentencing Amendment 821 lowers defendant's total criminal history points from 17 to 16.

and compelling reasons."   18 U.S.C. § 3582(c)(1)(A)(i).

The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) Section 3553(a) factors warrant a reduced sentence.   18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).   On November 1, 2023, the Sentencing Commission issued an applicable policy statement for motions for compassionate release filed by defendants.   U.S.S.G. § 1B1.13(b), Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement).   Under the policy statement, the Sentencing Commission has determined that extraordinary and compelling reasons exist if defendant establishes any one or combination of the following circumstances: (1) he has certain medical conditions; (2) he is at least 65 years old and has experienced a serious deterioration in health; (3) he has family circumstances which require him to act as a caregiver; (4) he was a victim of sexual or physical abuse by or at the direction of a correctional officer or other individual who had custody of him; (5) any other circumstances or combination of circumstances that when considered by themselves or together with any of the first four categories, are similar in gravity to the circumstances described in those four categories; and (6) a change of law if defendant has served ten years of an unusually long sentence and the change would produce a gross disparity between the sentence being served and the sentence likely to be imposed today.   U.S.S.G. § 1B1.13(b)(1)–(6).

A.    Exhaustion Of Administrative Remedies

Initially, the government argues that the Court should dismiss defendant's motion because he did not exhaust administrative remedies.   Consolidated Response Of The United States To

-3-

<u>Defendant's Motion To Amend The Presentence Investigation Report And Motion For Sentence Reduction</u> (Doc. #2408) filed June 4, 2025 at 6–7.   The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to the BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."   18 U.S.C. § 3582(c)(1)(A).

The exhaustion requirement is a mandatory claims-processing rule.   See <u>United States v. Hemmelgarn</u>, 15 F.4th 1027, 1030–31 (10th Cir. 2021).   <u>But</u> <u>cf.</u> <u>United States v. C.D.</u>, 848 F.3d 1286, 1289–90 (10th Cir. 2017) (under Section 3582(c)(2), requirement that defendant must show sentence "based on" guideline range Sentencing Commission subsequently lowered is jurisdictional).   Defendant must show that he "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf."   <u>United States v. Akers</u>, 855 F. App'x 465, 466 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).   In contrast with judicially created exhaustion requirements, the Court lacks discretion to excuse defendant's failure to comply with a mandatory statutory requirement to exhaust administrative remedies.   <u>Malouf v. SEC</u>, 933 F.3d 1248, 1256 (10th Cir. 2019); <u>see</u> <u>Ross v. Blake</u>, 578 U.S. 632, 639–40 (2016) (exhaustion statutes like Prison Litigation Reform Act of 1995 establish mandatory exhaustion regimes, foreclosing judicial discretion).

Defendant has not responded to the government's contention that he has not filed a request for a reduced sentence with the warden at FCI Florence.   Because defendant has not shown that he exhausted administrative remedies, and the government objects that he failed to do so, the Court overrules his motion for compassionate release.   <u>See</u> <u>Hemmelgarn</u>, 15 F.4th at 1030; <u>see also</u> <u>United States v. Purify</u>, No. 20-5075, 2021 WL 5758294, at *3 (10th Cir. Dec. 3, 2021) (if

government raises exhaustion requirement, court must enforce it even if equities weigh in defendant's favor).

      B.    <u>Extraordinary And Compelling Reasons For Release</u>

Defendant asks the Court to reduce his sentence because he is serving an unusually long sentence. By itself, an unusually long sentence is insufficient to establish extraordinary and compelling reasons for a reduced sentence. Under the Sentencing Commission's policy statement, defendant must show that (1) he received an unusually long sentence, (2) he has served at least ten years of the term of imprisonment and (3) a change in law since sentencing would produce a gross disparity between the sentence being served and the sentence likely to be imposed today. See U.S.S.G. § 1B1.13(b)(6). Defendant has not shown that any changes in law created a gross disparity between his sentence of 303 months and the sentence likely to be imposed if he were resentenced today. He essentially argues that his sentence should be lower for the very reasons which the Tenth Circuit rejected on direct appeal. See <u>United States v. Ellis</u>, 23 F. 4th 1228, 1231 (10th Cir. 2022). He therefore has not shown extraordinary and compelling reasons based on the length of his sentence.

      C.    <u>Section 3553(a) Factors</u>

Even if defendant could somehow show that his stated grounds for relief constitute "extraordinary and compelling" reasons for release, the Court would deny relief after considering the factors under 18 U.S.C. § 3553. The Court considers the nature and circumstances of the offense, defendant's personal history and characteristics, the purposes of sentencing including the need to protect the public from further crimes of the defendant, any threat to public safety and the need to avoid unwanted sentence disparities among defendants with similar records who are convicted of similar conduct. See 18 U.S.C. § 3553(a).

In July of 2019, the Court determined that the Section 3553(a) factors supported a sentence of 303 months. Defendant has not shown any circumstances which alter this Court's prior conclusion. A sentence of time served—which is approximately 186 months including good time credit—is inconsistent with the seriousness of defendant's offense, defendant's personal history and characteristics, the need for deterrence and the need to protect the public. Defendant had several prior convictions including convictions for sale of crack cocaine in 2002 and possession of PCP in 2006 and being a felon in possession of ammunition in 2007. Presentence Investigation Report (Doc. #2106) filed June 25, 2018, ¶¶ 148–49, 151. Only a few months after the Bureau of Prisons released defendant in August of 2011, he joined a large-scale drug trafficking conspiracy which led to the charges in this case. As part of the offense conduct, defendant was responsible for at least 2.6 kilograms of crack cocaine and possessed a firearm. During a traffic stop in May of 2012, defendant fled from officers, which led to a car chase at speeds of at least 80 miles per hour on a city street. See id., ¶ 113. When officers tried to arrest him, defendant resisted and threw a firearm. See id., ¶ 104. A reduction of defendant's sentence to time served would reflect a significant disparity from his current sentence of 303 months, which is significantly lower than the low end of the relevant guideline range. Defendant has completed more than half his sentence, has no noted disciplinary incidents and made some progress toward rehabilitation. On balance, however, the factors under Section 3553(a) do not support a reduced sentence.

In sum, defendant has not exhausted administrative remedies or shown "extraordinary and compelling" reasons for a reduced sentence, and the factors under Section 3553(a) do not support a reduced sentence. The Court therefore overrules defendant's motion for compassionate release.

**IT IS THEREFORE ORDERED** that defendant's Motion To Amend Presentence Investigation Report (Doc. #2406) filed June 2, 2025 is **DISMISSED**.

**IT IS FURTHER ORDERED** that defendant's <u>Motion For Reduction Of Sentence, 18</u> <u>U.S.C. § 3582(c)(1)(A)(i) "Motion To Reduce Under 1B1.13(b)(6) Unusually Long Sentence"</u> (Doc. #2407) filed June 2, 2025 is **OVERRULED**.

Dated this 8th day of July, 2025 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge